# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### GREEN BAY DIVISION

| | | |
|---|---|---|
| JEFFREY W. SMITH, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 26-CV-1252 |
| | ) | |
| | ) | Jury Demanded |
| HAPCO, INC., | ) | |
| | ) | |
| Defendant. | ) | |

---

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

---

Plaintiff, Jeffrey W. Smith ("Plaintiff"), by his undersigned attorneys, complains of Defendant, Hapco, Inc. ("Defendant"), as follows:

### JURISDICTION AND VENUE

1.   Jurisdiction of Plaintiff's claims is pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 - 634, and is invoked pursuant to 28 U.S.C. §§ 1331 and 1337.

2.   Venue is proper in this judicial district under 28 U.S.C. § 1391(b) since at all relevant times Plaintiff resided and worked for Defendant in this district, and Defendant also does business in this district.

### PARTIES

3.   Plaintiff is 63 years old, having been born on January 29, 1963.  At all relevant times, Plaintiff resided in Manitowoc, Wisconsin, and was employed as Defendant's *Regional Sales Manager* for its Midwest Region from or about December 2022, until his abrupt termination on or about July 1, 2024 (then age 61).

4. Defendant is an Ohio corporation with its principal place of business in Kent, Ohio and its registered agent for service is Stuart Strasfeld, 100 Federal Plaza East, #600, Youngstown, OH 44503. At all relevant times, Defendant was, *inter alia*, in the business of providing products for use in the hot air welding, construction and roofing industries, and employed 20 or more persons for each working day in each of 20 or more calendar weeks in 2025 or 2024 and was Plaintiff's "employer" under the ADEA.

## PROCEDURAL REQUIREMENTS

5. On or about January 21, 2025, Plaintiff filed his *Charge of Discrimination* (No. 443-2025-01397) against Defendant with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff's Charge was filed within 300 days after the alleged unlawful employment practice(s) occurred. On April 24, 2026, the EEOC issued Plaintiff his Notice of Right to-Sue letter, and this action has been timely brought less than 90 days after his receipt thereof.

## CLAIM FOR RELIEF

6. Plaintiff has over 30 years of sales and related management experience and success across various industries, including commercial building, roofing and construction applications.

7. At all times relevant, Plaintiff reported to Defendant's Vice President – Sales Operations, Steve Murray ("Murray"). Plaintiff's job performance at Defendant was satisfactory, if not exemplary, growing the Midwest Region's revenue to an all-time high of approximately $1.4 million, which was nearly double the highest sales in this region in the (then) preceding five years. By June 2024, this region was on pace to match or increase its 2023 sales results, despite sluggish 2024 Q1 sales results.

8. Upon information and belief, at age 61, Plaintiff was (then) the eldest member of defendant's entire (*i.e.* nationwide) sales team during his employment.

9. During his employment, Defendant's management increasingly espoused the virtues of a "youth" oriented work/business culture, and their preference for younger employees - especially "millennials," who they believe have superior sales skills and acumen - as compared to older workers, including Plaintiff - who were referred to as "boomers."

10. Soon after Plaintiff informed Murray that he was (then) 61 years old, and without warning or notice of any performance issues, he was terminated. His job duties were then reassigned to a substantially younger employee hired to replace him.

11. Plaintiff's termination on July 1, 2024 was because of his age, then 61 years old, and violated the ADEA, 29 U.S.C. § 621 - 634 which prohibits employment discrimination on the basis of age for anyone aged 40 or over.

12. As a direct and proximate result of said unlawful employment practices and disregard for Plaintiff's rights and dignity, Plaintiff has lost and will continue to lose income, including but not limited to wages, bonuses, raises, insurance, and other benefits.

13. The aforesaid misconduct by Defendant was willful and/or knowingly in violation of the ADEA and warrants the imposition of liquidated damages.

## <u>RELIEF SOUGHT</u>

**WHEREFORE**, Plaintiff Jeffrey W. Smith, prays that this Honorable Court grant the following relief:

A. Order Defendant to make him whole by reinstating him into his former position, the equivalent of such position or, alternatively, granting him front pay in an amount to be shown at trial.

B. Order Defendant to make him whole by providing appropriate lost backpay, raises and benefits, since July 1, 2024, in an amount to be shown at trial.

C. Grant judgment in his favor and against Defendant in an additional amount as statutory liquidated damages pursuant to 29 U.S.C. § 626(b), incorporating 29 U.S.C. § 216(b), due to Defendant's willful conduct.

D.   Award him costs of litigation, as well as witness fees and his reasonable attorney's fees pursuant to 29 U.S.C. § 626(b), incorporating 29 U.S.C. § 216(b).

E.   Grant him such further and additional relief as the Court may deem proper and necessary.

**Plaintiff requests a jury trial of this action.**

Dated at Monona, Wisconsin this 17th day of July, 2026.

Plaintiff, Jeffrey W. Smith

By:  *s/ Randall B. Gold*
     One of His Attorneys

Randall B. Gold
FOX & FOX, S.C.
124 West Broadway
Monona, WI 53716
(608) 258 – 9588
rgold@foxquick.com